Kavin Maurice RHODES,
Petitioner–Appellant,

v.

Ernest C. ROE, Warden; Attorney General of the State of California; Daniel Lungren, Respondents–Appellees.

No. 01–55138.

D.C. No. CV–97–07416–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided April 4, 2003.

Before LAY,* HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM**

Kavin Rhodes appeals the denial of his 28 U.S.C. § 2254 habeas petition. Rhodes claims his Sixth Amendment rights were violated because the state trial court denied his three *Marsden* requests to substitute his court-appointed lawyer for new counsel. *See People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970) (recognizing that a California criminal defendant may move to have his court-appointed attorney substituted for different counsel if the appointed attorney is rendering inadequate assistance). In denying Rhodes's three *Marsden* motions, three different superior court judges found that

Rhodes was receiving the effective assistance of counsel. The court also found that Rhodes was generally not credible when articulating how his court-appointed attorney was deficient. Absent clear and convincing evidence that Rhodes was in fact credible, we must defer to the trial court's credibility determination. *See* 28 U.S.C. § 2254(e)(1). We find that Rhodes has not satisfied his burden of rebutting the trial court's credibility determination, and we therefore conclude that the trial court's *Marsden* rulings were not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

After the trial court denied his third *Marsden* motion, Rhodes elected to proceed pro per. We hold that Rhodes's waiver of his right to counsel was knowing, intelligent, and voluntary. *See Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that under the Sixth Amendment a criminal defendant may waive his right to counsel if that waiver is knowing, intelligent, and voluntary). The trial court repeatedly warned Rhodes of the dangers of proceeding without legal counsel, and Rhodes decided to proceed without counsel nonetheless. Rhodes's argument that his waiver of counsel was involuntary because the trial court forced him to proceed pro per by denying his *Marsden* motions is without merit. *See United States v. Robinson,* 913 F.2d 712, 716 (9th Cir.1990) (observing that "limitations on the range of a defendant's free choice with regard to appointed or retained counsel are not constitutionally offensive and do not render a subsequent election of pro se status involuntary").

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Rhodes further argues that the state trial court violated the Equal Protection Clause of the Fourteenth Amendment by denying him access to the transcript from a separate trial. We find no cases requiring a trial court to furnish a defendant with a free copy of a transcript from another trial. The state court's decision is thus not in conflict with clearly established federal law.

Judgment AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.